UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. DUDASH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ANDELICA ULLOA, et al., <br><br> Defendants. | Case No.: 3:25-cv-1269-CAB-BLM <br><br> **ORDER:** <br><br> **(1) DENYING IFP APPLICATION;** <br><br> **(2) DISMISSING COMPLAINT;** <br><br> **(3) DENYING LEAVE TO ELECTRONICALLY FILE DOCUMENTS; and** <br><br> **(4) DENYING IMPROPER MOTION** <br><br> **[Doc. Nos. 1, 2, 3, 6]** |

On May 16, 2025, Plaintiff Robert Dudash, proceeding pro se, filed a complaint against nine different Defendants, including Child Protective Services, state judges, and the State of California, alleging that they kidnapped his children. [Compl. at 5.] Plaintiff also filed for leave to electronically file documents. [Doc. No. 3.] At the time of filing the complaint, Plaintiff did not prepay the civil filing fees 28 U.S.C. § 1914(a) requires. Instead, he filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [Doc. No. 2.] Then, on June 11, 2025, Plaintiff improperly filed another motion

which simply reasserted the claim in his complaint. [Doc. No. 6.]  For the reasons discussed below, the Court **DENIES** Plaintiff's IFP motion, **DISMISSES** his complaint with prejudice, **DENIES** his motion for leave to electronically file documents as moot, and **DENIES** his improperly filed motion as moot.

## I. Motion to Proceed IFP

Generally, all parties instituting a civil action in this Court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a).  But under 28 U.S.C. § 1915(a), the Court may authorize any suit's commencement, prosecution, or defense without payment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing he or she is unable to pay filing fees or costs.  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted).  Granting or denying leave to proceed IFP in civil cases is within the district court's sound discretion. *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974).

Plaintiff lists his income and assets, including any public assistance, at $0. [Doc. No. 2 at 1–3.]  The only monthly expense he identifies is $200 for operating an unknown business, profession, or farm. [*Id.* at 4–5.]  Plaintiff does not explain how he lives without an income nor spending anything on rent, food, clothes, transportation, etc.  Accordingly, Plaintiff's motion to proceed IFP is **DENIED**.  Should Plaintiff choose to re-file, he should accurately list his income and expenses and explain any irregularities.

## II. Screening of the Complaint Pursuant to 42 U.S.C. § 1915(e)(2)(B)

A plaintiff seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to sua sponte dismissal if the complaint is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.");

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

Plaintiff Dudash alleges that on December 23, 2021, Defendants Child Protective Services and Child Welfare Services kidnapped Plaintiff's two children. [Compl. at 5.] Plaintiff brings his claim under 18 U.S.C. § 242—a criminal statute that concerns violations of civil rights under color of law. 18 U.S.C. § 242; *see also Del Elmer v. Metzger*, 967 F. Supp. 398, 403 (S.D. Cal. 1997). The statute does not provide a civil cause of action. *See Del Elmer*, 967 F.Supp. at 403. Moreover, Plaintiff seeks to bring his complaint on behalf of his two children who he lists as proceeding pro se. [Compl. at 1, 7.] Plaintiff may not serve as his children's counsel nor can minors appear in a pro se capacity. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."). Accordingly, Plaintiff's complaint is **DISMISSED with prejudice**.

### III. Motion for Leave to Electronically File Documents; Improperly Filed Motion

As Plaintiff's IFP application is denied and his complaint is dismissed, the Court **DENIES** his motion for leave to electronically file documents, [Doc. No. 3], and his improperly filed motion, [Doc. No. 6], as moot.

//
//
//
//
//
//

### IV. Conclusion

Plaintiff's IFP application is **DENIED**, his complaint is **DISMISSED with prejudice**, his motion for leave is **DENIED as moot**, and his improperly filed motion is **DENIED as moot**.

It is **SO ORDERED**.

Dated: June 11, 2025

Hon. Cathy Ann Bencivengo
United States District Judge